# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | | |
|---|---|---|
| LATONYA RENEE DAVIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 7:16-cv-1980-KOB-JEO |
| | ) | |
| WARDEN WASHINGTON-ADDUCI, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2241 by Latonya

Renee Davis ("Petitioner" or "Davis"), *pro se*.  (Doc.[1] 1).  Incarcerated at the

Federal Correctional Institution in Aliceville, Alabama,  Davis challenges her

conviction and sentence imposed in 2007 by the United States District Court for

the District of South Carolina.  On January 26, 2017, the magistrate judge to

whom the case was referred for preliminary proceedings issued a Report and

Recommendation, *see* 28 U.S.C. § 636(b)(1), recommending that the petition be

dismissed for lack of jurisdiction.  (Doc. 3 ("R&R")).  The time for filing

---

[1]Citations to "Doc(s) ___" are to the document numbers of the pleadings, motions, and other materials in the court file as compiled and numbered by the Clerk on the docket sheet in the court's Case Management/Electronic Case Files (CM/ECF) system.  Unless otherwise noted, pinpoint citations are to the page of the electronically filed document, which may not correspond to the pagination on the original "hard copy" presented for filing.

objections to the R&R has now expired, with no objections having been filed.

At the time that the magistrate judge entered his R&R, Eleventh Circuit law provided that, for this court to have jurisdiction to entertain Davis's habeas corpus petition under the savings clause of § 2255(e)[2], she had to meet five elements set forth in *Bryant v. Warden, FCC Coleman*, 738 F.3d 1253 (11th Cir. 2013), which were as follows: (1) binding precedent foreclosed a claim at the time of her first motion to vacate; (2) the Supreme Court overturned our binding precedent that foreclosed the claim; (3) the new decision of the Supreme Court applies retroactively on collateral review; (4) as a result of this retroactive decision, the prisoner's sentence is now contrary to the law; and (5) this kind of claim can be brought under the saving clause. *Id.* at 1274.

The magistrate judge concluded Davis cannot make the required showing under *Bryant* for two reasons. First, she cannot show that her total sentence exceeds the statutory maximum because, even assuming her sentence on two of the counts was improper, as she asserts, she was also serving a concurrent life sentence on another count that she was not contesting. (*See* R&R at 10-11 (citing

---

[2]Pursuant to the "savings clause" § 2255(e), a federal court may entertain "an application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255]," if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

*Brown v. Warden, FCC Coleman-Low*, 817 F.3d 1278, 1284-85 (11th Cir. 2016)). And second, the magistrate judge concluded that Davis's claims do not rely on any alleged circuit-busting, retroactively applicable Supreme Court decision.  (Id. at 11-12).

Since the magistrate judge entered his R&R, the Eleventh Circuit has recently issued an *en banc* decision that significantly limits even further the scope of habeas corpus jurisdiction under the savings clause of § 2255(e).  Specifically, in *McCarthan v. Director of Goodwill Indust.-Suncoast, Inc.*, No. 12-14989, ___ F.3d ___, 2017 WL 977029 (11th Cir. Mar. 14, 2017) (en banc), the Eleventh Circuit overruled its prior precedents, including *Bryant,* and held:

> A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim.  Even if a prisoner's claim fails under circuit precedent, a motion to vacate remains an adequate and effective remedy for a prisoner to raise the claim and attempt to persuade the court to change its precedent, and failing that, to seek certiorari in the Supreme Court.

*McCarthan*, ___ F.3d ___, ___, 2017 WL 977029, at *17.  Applying that narrow conception of the savings clause, the Eleventh Circuit thus concluded that the petitioner in that case could not seek further collateral review by way of a habeas petition to raise a claim alleging that he was erroneously sentenced under the ACCA because, in light of a change in Supreme Court caselaw, one of his prior

convictions could not be counted as a violent felony:

> McCarthan does not qualify for the saving clause because his claim
> that escape is not a violent felony is cognizable under section 2255.
> Because he "was free to bring" this claim about the interpretation of
> his sentencing law in his initial motion to vacate, the remedy by
> motion was an "adequate and effective means for testing such an
> argument." *Prost* [*v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011)].
> He cannot now use the saving clause to make that claim in a petition
> for a writ of habeas corpus.

*Id.*

Under the Eleventh Circuit's recent en banc decision in *McCarthan*, this court lacks jurisdiction to hear Davis's habeas corpus petition pursuant to the savings clause of § 2255(e) because her claims attack her conviction and/or sentence and she was free to bring them in a § 2255 proceeding.  Moreover, even under pre-*McCarthan* circuit law, this court lacked jurisdiction for the reasons explained by the magistrate judge's R&R.  Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**.   Accordingly, Davis's petition for a writ of habeas corpus is due to be **DISMISSED** for want of jurisdiction.  The court will enter a separate Final

4

Order.

**DONE**, this 27th day of March, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE